### HENRY LORD vs. NATHANIEL HORSEY.

A deposition taken on commission may be attacked by denying the signature of the witness, or proving a fraudulent personation.
The witnesses signature at the close, covers both direct and cross examination.
Contrary statements cannot be proved to impeach a witness, without notice.

Trover for a negro girl slave. Pleas, not guilty and limitation. The deposition of a witness taken on commission, executed by F. A. Raybold, commissioner, was offered and objected to ; because it was signed by the witness only once, at the close of the examination.

*The Court* ruled the deposition in, without hearing the other side.

A witness was now called to impeach this deposition, by proving that the signature to it was not in the proper handwriting of the deponent.

This was objected to, because—1. It was too late. The deposition was already in evidence. There was no notice of this attack given to the defendant, or to the witness. 2. By such mode, every deposition would be invalidated. 3. The species of evidence was too feeble to attack.it. 4. It implies fraud and imposition of the grossest character, and seeks to establish it on the weakest kind of evidence. 5. The action of the commissioner, certifying that the true witness did sign, is like the certificate of a judge to the acknowledgment of a deed. 7. The best evidence is proof by the commissioner, respecting the person who was examined.

*Messrs. Layton* replied:—that the objection could not be taken earlier, for the necessity of it could not appear until the deposition was offered in evidence. Neither can it be attacked, otherwise than by showing from the handwriting that the commissioner was imposed upon, and another person substituted for the witness. If in

point of fact, this witness was personated, and the true person had never been examined by the commissioner, there must be some mode of attacking the deposition ; and the handwriting is the first point of attack.

*The Court* (Chief Justice dubitante) admitted evidence to contradict the signature of this witness, as tending to show that a person had been imposed on the commissioner, for the witness personated. The proof failed ; a person who was present having identified the witness.

*The Court* refused to rule out the deposition.

*Mr. Layton* excepted.

He then offered in evidence a letter addressed by the defendant to one of the witnesses in this cause, making (as was alledged) a different statement from her deposition.

*The Court* ruled it out.

The declarations of a witness not under oath, are admissible in evidence to discredit him, only on two conditions.—1. That the matter of discrepancy shall be material in the cause; and 2. That the witness shall be apprised of the intention so to impeach him by being asked whether he had not made a different statement to the person by whom he is to be impeached.

*Mr. Layton* excepted.

                                 Verdict for defendant.

*Layton* and *Layton*, for plaintiff.
*Houston* and *Cullen*, for defendant.